UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NATHANIEL OWENS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:13-cv-54-WTL-WGH |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Nathaniel Owens for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 12-07-0001. For the reasons explained in this Entry, Owen's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Owens was charged with violating prison rules by entering a conspiracy related to trafficking. Owens was notified of the charge of conspiracy/trafficking and served with the Conduct Report and the notice of disciplinary "Screening Report." Owens was notified of his rights. He requested Offender Gunderson as a witness and requested that the CAB Chairman listen to phone calls. The statement of Gunderson was obtained. On July 5, 2012, a hearing officer conducted a disciplinary hearing and found Owens guilty of the charge. Owens was sanctioned with a ninety day deprivation of earned credit time, a suspended credit class demotion and a written reprimand. The evidence supporting the guilty finding was a conduct report, which stated that Owens participated in several phone calls where he attempts to plan to introduce contraband and narcotics into the facility and the recorded phone calls.

### C. Analysis

Owens brings a petition for habeas relief of the following grounds: 1) he claims he was at a horticulture program during the times of the incident; 2) phone calls and transcripts of the phone calls were withheld; and 3) the hearing officer gave no reason for the guilty decision. The Respondent filed an answer to the order to show cause related to these allegations, but Owens failed to file a reply and the time to do so has passed. The effect of this, pursuant to 28 U.S.C. § 2248, is that "[t]he allegations of . . . an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true."

First, Owens' claim that he was at school in Mr. Mitchell's horticulture program during the dates and times of the phone calls is rejected. There is no evidence to support this claim. To the contrary, Owens was offered the opportunity to request witnesses or evidence at the time of screening, but he did not request any evidence related to this claim.

Second, Owens claims that his Petition should be granted because he requested phone calls and transcripts and those requests were denied. It is true that due process requires that a prisoner be given the opportunity to call witnesses and request documentary evidence. *Wolff*, 418 U.S. at 566; *Hill*, 472 U.S. at 454. However, there is no evidence that Owens requested that he be allowed to listen to the phone calls, nor is there evidence that he requested transcripts. At screening, Owens requested that the hearing officer listen to the phone calls. The hearing report shows that the officer did consider the recorded calls in making his decision. Due process is not violated if the inmate never properly requested the evidence or witnesses.

Finally, Owens claims that he is entitled to relief because he was never given a reason for the guilty determination. This issue was not raised during his administrative appeal and is procedurally defaulted. Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default. Owens could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). However, Owens has not shown cause for and prejudice from his failure to appeal this issue. Accordingly, the court is precluded from reaching the merits of the claims in the petition.

Under *Wolff* and *Hill,* Owens received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. Owens' arguments that he was denied due process are refuted by the expanded record.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Owens to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: __11/04/2013__

Distribution:

Nathaniel Owens
No. 213107
Putnamville Correctional Facility
1946 West U.S. Hwy 40
Greencastle, IN 46135

All Electronically Registered Counsel

*William T. Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana